# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| MARK VALLIANATOS ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-01232 |
| ) | |
| v. ) | |
| ) | |
| BOYD GAMING CORPORATION D/B/A ) | |
| PAR-A-DICE HOTELCASINO, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Mark Vallianatos ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Boyd Gaming Corporation d/b/a Par-A-Dice Hotel Casino ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff resided in Peoria County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant was a corporation doing business in and for Tazewell County whose address is 21 Blackjack Boulevard, East Peoria, Illinois 61611.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff was hired by Defendant as Line Cook on or around March 23, 2022.

12. Plaintiff was diagnosed with Autism, an impairment that substantially limits

Plaintiff's major life activities, including communicating and concentrating.

13. Plaintiff is "qualified individual" as defined under the ADA.

14. Almost immediately after beginning to work for Defendant, Plaintiff began to be harassed by coworker "Malik."

15. Malik would consistently make denigrating and insulting comments to Plaintiff directed at his disability, including "You're retarded," "You are stupid," "You are too slow," and "You are not smart enough for this job."

16. Plaintiff was distraught by Malik's comments and reported these comments to Defendant's Human Resources Department.

17. Despite this, no action was taken and Plaintiff was harassed on a daily basis.

18. Plaintiff again reported the continuous harassing comments to Defendant's Human Resources Department, contacting HR Department representative Jennifer Sharp via phone and email.

19. Despite being on notice of Malik's heinous actions, Defendant took no steps to correct the behavior or protect Plaintiff.

20. Plaintiff continued to suffer extreme emotional distress from Malik's daily harassment.

21. Ultimately, on or about June 7, 2022 Plaintiff was constructively terminated on the basis of Plaintiff's disability and engaging in protected activity as described above.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

22. Plaintiff repeats and re-alleges paragraphs 1-21as if fully stated herein.

23. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

24. Plaintiff met or exceeded performance expectations.

25. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

26. Plaintiff's employment was constructively terminated on the basis of Plaintiff's disability.

27. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

28. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

29. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

30. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Disability-Based Harassment)

31. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

32. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation

of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

33. Defendant knew or should have known of the harassment.

34. The disability-based harassment was severe or pervasive.

35. The disability-based harassment was offensive subjectively and objectively.

36. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

37. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

38. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
**Violation of Americans with Disabilities Act**
**(Retaliation)**

39. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

40. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

41. Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

42. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of disability based harassment or discrimination.

43. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

44. By virtue of the foregoing, Defendant retaliated against Plaintiff, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

45. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

46. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

47. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

    h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 15th day of June, 2023.

                                        /s/ *Alexander J. Taylor*
                                        **Alexander J. Taylor, Esq.**
                                        **SULAIMAN LAW GROUP LTD.**
                                        2500 S. Highland Avenue, Suite 200
                                        Lombard, Illinois 60148
                                        Phone (331) 272-1942
                                        Fax (630) 575 - 8188
                                        ataylor@sulaimanlaw.com
                                        *Attorney for Plaintiff*