**0IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| MARK VALLIANATOS | ) |
| | ) |
| Plaintiff, | ) Case No. 23-cv-01232 |
| | ) |
| v. | ) Judge Joe Billy McDade |
| | ) |
| BOYD GAMING CORPORATION D/B/A | ) Magistrate Judge Jonathan Hawley |
| PAR-A-DICE HOTELCASINO | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**ITS MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

Defendant, Par-A-Dice Gaming Corporation d/b/a/ Par-A-Dice Casino ("Par-A-Dice" or "Defendant") (incorrectly identified as "Boyd Gaming Corporation d/b/a Par-A-Dice Hotel Casino"), by its attorneys, Kirsten A. Milton and Karina M. Salazar of Jackson Lewis, P.C., moves to dismiss Count III of Plaintiff Mark Vallianatos' ("Plaintiff") Complaint for Disability Discrimination, Disability Harassment, and Retaliation (the "Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(6).  In support of its Motion, Defendant states as follows:[1]

**INTRODUCTION**

Plaintiff, a former Par-A-Dice Line Cook, filed a lawsuit asserting claims of disability discrimination (Count I), disability harassment (Count II), and retaliation (Count III) against Par-A-Dice under the Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101 *et. seq.*

---

[1]     Consistent with Rule 12(a)(4) of the Federal Rules of Civil Procedure, Defendant also requests the Court allow Defendant to respond to the remainder of the Complaint not subject to the current Motion following a ruling on the Motion. *See Intercom Ventures, LLC v. FasTV, Inc.*, No. 13 C 232, 2013 U.S. Dist. LEXIS 75032, at *17-18 (N.D. Ill. May 28, 2013) (citing 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1346 (3d ed.)) ("The weight of authority is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.").

("ADA"). But, at no point prior to filing the instant action did Plaintiff file a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging retaliation – as he must to exhaust his administrative remedies prior to filing a lawsuit. *See Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). Rather, in his Charge, Plaintiff not only solely checked the box for disability discrimination, but also only provided alleged facts in support of claims for purported disability discrimination and harassment. *See* Exhibit A to Plaintiff's Complaint ("Exhibit A"). It is axiomatic that Plaintiff can assert in his Complaint only those ADA claims that were raised in his EEOC charge. Accordingly, he cannot now bring a claim for ADA retaliation and Par-A-Dice respectfully requests that Count III of Plaintiff's Complaint be dismissed with prejudice. *See Gibson*, 201 F.3d at 994.

## RELEVANT FACTUAL ALLEGATIONS[2]

### I.      Plaintiff's EEOC Charge Alleges Only Discrimination And Harassment.

Beginning on or around March 23, 2022, Par-A-Dice employed Plaintiff as a Line Cook. Complaint ("Compl.") ¶ 11. On or about July 22, 2022, Plaintiff filed a Charge with the EEOC alleging discrimination and harassment based on his alleged disability (the "Charge").[3] *See* Exhibit A.[4] Specifically, Plaintiff claims he was discriminated against on the basis of his alleged disability after another employee made discriminatory comments towards him and after he reported the comments to Par-A-Dice who allegedly "did not offer [him] a solution at that time."

---

[2]      For the purposes of this Motion only, Defendant accepts as true the allegations set forth in the Complaint. Defendant denies and disputes Plaintiff's allegations for all other reasons. Defendant reserves the right to dispute Plaintiff's allegations in the event that the Motion is not granted.

[3]      Plaintiff's claim that he filed "[a] charge of employment discrimination on the basis of disability and retaliatory discharge" is simply false. Compl. ¶ 5; Exhibit A.

[4]      Plaintiff's EEOC charge is properly considered on a motion to dismiss because it is a document attached to the complaint and part of the pleadings. *See Hecker v. Deere,* 556 F.3d 575, 582 (7th Cir. 2009); *Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012).

He further claims that "[b]etween March 23, 2022 and June 7, 2022, [he] was continually harassed on a daily basis, three to four times a day by Malik." According to Plaintiff, he reported the "harassment several times . . . via email and phone. . .[but, HR] did not take any action again to help [him], or offer any solutions." Because of the alleged "extreme emotional distress" and HR's failure to take any action, he "felt [he] had no other choice so [he] resigned on June 7, 2022." Ultimately, Plaintiff concludes "I believe that I was discriminated against on the basis of my disability and/or perceived disability" in violation of the ADA. Moreover, in his EEOC Charge, Plaintiff only checked the box for "disability" discrimination.

## II.      Plaintiff's Complaint Alleges Retaliation For The First Time.

On June 15, 2023, Plaintiff filed the instant Complaint. Plaintiff's Complaint purports to raise three causes of action: (1) disability-based discrimination; (2) disability-based harassment; and (3) retaliation, all in violation of the ADA. Compl. ¶¶ 23, 32, 44. Specifically, Plaintiff alleges Par-A-Dice intentionally discriminated against him and harassed him on a daily basis because of his disability. *Id*. ¶¶ 23, 32. Plaintiff further claims Par-A-Dice failed to conduct a prompt, thorough, and objective investigation of his complaints of disability-based discrimination and harassment, as well as failed to take preventative steps to stop it from happening in the future. *Id*. ¶¶ 42-44.

In his Complaint, for the first time, Plaintiff alleges Par-A-Dice retaliated against him for engaging in protected activity based on his constructive discharge. *Id*. ¶¶ 44-45.

**ARGUMENT**

**I.      Legal Standard.**

Under Federal Rule of Civil Procedure 12(b)(6), a court must grant a motion to dismiss if

the complaint "fail[s] to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).

When the face of the complaint shows that a claim is barred by failure to exhaust administrative

remedies, a defendant may address the claims in a motion to dismiss.  *See Thompson v. Cmty.*

*Assistance Programs*, Case No. 15 c 2249, 2015 U.S. Dist. LEXIS 113491 (N.D. IL. 2015)*; Gibson*

*v. West*, 201 F.3d 990, 994 (7th Cir. 2000) (stating that failure to exhaust administrative remedies

is not a jurisdictional requirement, although it is a reason for dismissal); *Reynolds v. Tangherlini*,

737 F.3d 1093, 1100-01 (7th Cir. 2013) (employee failed to exhaust administrative remedies on

retaliation claims that were not reasonably related to discrimination claims in EEOC charge).

**II.     Plaintiff's Retaliation Claim Must Be Dismissed Because He Did Not Exhaust His**
        **Administrative Remedies.**

A plaintiff may not pursue in a lawsuit an ADA claim that was not raised in the preceding

EEOC charge.  *See* 42 U.S.C. §§2000e-5, 12117(a); *see also Flannery v. Recording Indus. Ass'n*

*of Am.*, 354 F. 3d 632, 637 (7th Cir. 2004); *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d

894, 898 (7th Cir. 1999) ("[A] plaintiff is barred from raising a[n ADA] claim in the district court

that had not been raised in his or her EEOC charge . . .").  In his Charge, and as discussed in more

detail above, Plaintiff alleges he was "discriminated against" and "continually harassed on a daily

basis" based on his alleged disability.  Exhibit A.  Nowhere in the Charge does he allege he was

retaliated against, nor did he check the box for "retaliation."   Because Plaintiff's Charge only

alleged discrimination and harassment, he has not exhausted his administrative remedies for

retaliation and Count III should be dismissed.  *See Swearingen-El v. Cook Cnty. Sheriff's Dep't*,

602 F.3d 852, 864-65 (7th Cir. 2010) ("Normally, retaliation and discrimination charges are not

considered like or reasonably related to one another.") (internal quotation marks omitted); *Cervantes v. Ardagh Group*, 914 F.3d 560, 564 (7th Cir. 2019); ("As a general matter, we do not consider a retaliation charge to be reasonably related to a discrimination charge."); *cf. Graham v. AT&T Mobility, LLC*, Nos. 06-3020, 06-3734, 247 Fed. Appx. 26, 2007 U.S. App. LEXIS 21598, at *29 (7th Cir. Sept. 6, 2007) (upholding the district court's dismissal of the plaintiff's race discrimination for failure to exhaust where the plaintiff only checked the retaliation box in his EEOC charge despite allegations in the charge that he was "'discriminated against because of retaliation'").  Indeed, courts routinely dismiss lawsuits for retaliation for failure to exhaust administrative remedies when, as here, the plaintiff's underlying charge only included claims of disability discrimination.  *See Hayes v. Decatur Pub. Sch. Dist.* 61, Case No. 20-CV-2001, 2021 U.S. Dist. LEXIS 248579, at *14, 22 (C.D. Ill. 2021) (court dismissed plaintiff's claims of retaliation for failure to exhaust administrative remedies where underlying charge alleged only disability discrimination); *see also Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 243 (7th Cir. 2018) (holding that the plaintiff could not "make an end-run around the 'qualified individual' requirement by simply reframing a discrimination or accommodation claim as one for retaliation").

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grants its Motion to Dismiss Count III of Plaintiff's Complaint with prejudice.


Dated: August 14, 2023             Respectfully submitted,

                                   **PAR-A-DICE GAMING CORPORATION**
                                   **D/B/A PAR-A DICE CASINO**


                                   /s/ *Kirsten A. Milton*
                                   One of Its Attorneys

Kirsten A. Milton
Karina M. Salazar
Jackson Lewis P.C.
150 N. Michigan Avenue
Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Kirsten.Milton@jacksonlewis.com
Karina.Salazar@jacksonlewis.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on August 14, 2023, a true and correct copy of the foregoing ***Defendant's Memorandum of Law in Support of Its Motion to Dismiss Count III of Plaintiff's Complaint*** was filed with the Court by electronic filing protocols and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

/s/ *Kirsten A. Milton*